# Supreme Court of Florida

_____

No. SC20-145
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL
ADMINISTRATION, THE FLORIDA RULES OF CIVIL PROCEDURE,
AND THE FLORIDA RULES OF CRIMINAL PROCEDURE—STANDARD
JURY INSTRUCTIONS.**

January 28, 2021

PER CURIAM.

The Court has for consideration comments addressing amendments to the

Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, and

the Florida Rules of Criminal Procedure, pertaining to the development and

processing of jury instructions. The Court has jurisdiction,[1] and we further amend

the rules as discussed below.

## BACKGROUND

In the Court's March 5, 2020, opinion, the Court, on its own motion,

adopted new Florida Rules of Judicial Administration 2.270 (Supreme Court

_____

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

Committees on Standard Jury Instructions) and 2.580 (Standard Jury Instructions), amended Florida Rule of Civil Procedure 1.470(b) (Instructions to Jury) and Florida Rule of Criminal Procedure 3.390 (Jury Instructions), and deleted Florida Rule of Criminal Procedure 3.985 (Standard Jury Instructions). *In re Amends. to Fla. Rules of Jud. Admin., Fla. Rules of Civil Pro., & Fla. Rules of Crim. Pro.— Standard Jury Instrs.*, 45 Fla. L. Weekly S121, 2020 WL 1593030 (Fla. Mar. 5, 2020). The rule adoptions and amendments, which became effective April 1, 2020, changed the procedure for how standard jury instructions are adopted and amended for publication and use in Florida. Because the rule changes were not published for comment prior to adoption, the Court provided a seventy-five-day period for interested persons to file comments. *Id.* Comments were received from three attorneys from the law firm of Clark Fountain La Vista Prather & Littky-Rubin, The Florida Bar's Civil Procedure Rules Committee, The Florida Bar's Rules of Judicial Administration Committee, and the three standard jury instruction committees (SJI-Criminal, SJI-Civil, and SJI-Contract & Business). In light of the comments received, which have been carefully considered, we now make additional amendments to the applicable rules.

AMENDMENTS

First, with respect to Florida Rule of Civil Procedure 1.470(b) (Exceptions Unnecessary; Jury Instructions; Instructions to Jury), the provision is amended to

- 2 -

reference The Florida Bar (Bar)'s website rather than the Court's website and to remove the citation to a specific URL.

Turning to Florida Rule of Judicial Administration 2.270 (Supreme Court Committees on Standard Jury Instructions), we amend that rule as follows. First, with respect to subdivision (a) (Creation and Authority), we agree with the suggestion of the SJI-Criminal Committee and delete the reference to "by two-thirds vote" in the second to last sentence of the provision, as subdivision (a) is descriptive of the creation and authority of the jury instructions committees, whereas reference to the "two-thirds vote" is included subsequently in subdivision (c)(3) pertaining to the actual procedures for the committees to adopt and amend the standard jury instructions. We decline, however, to delete the language "their approval under this rule shall not be construed as an adjudicative determination on the legal correctness of the instructions, which must await an actual case and controversy" from subdivision (a) as suggested by the attorneys from Clark Fountain La Vista Prather & Littky-Rubin. While no rationale is offered for the change, we observe that the language is consistent with that previously included in this Court's jury instruction opinions. Turning to subdivision (c) (Procedures), subdivision (c)(1) is amended to reference the website of The Florida Bar rather than that of the Court. Next, we decline to amend paragraph (c)(3), providing "A two-thirds committee vote in favor of a new or amended standard jury instruction

is required before an instruction may be considered approved for publication and use." However, the committees may interpret that provision as each deems appropriate, as to whether that is two-thirds of the total committee members or two-thirds of the committee present to vote. Next, while the Court does not mandate archiving of prior versions of jury instructions, the committees may decide to do so, as suggested by the SJI-Criminal Committee. Pertaining to subdivision (d) (Membership and Organization), based upon the comment of the SJI-Civil Committee, each committee shall be composed of a maximum of thirty-six, rather than thirty-three, members. We decline to further amend subdivision (d)(1)(A) or (d)(1)(C). However, we amend subdivision (d)(1)(B) as recommended by the SJI-Contract & Business Committee to permit a committee member to serve more than two consecutive three-year terms if the committee determines that it is in the committee's best interest or additional slots remain open due to a lack of applications to the committee. Finally, subdivision (f) (Publication of Approved Instructions) is amended like rule 1.470(b) to reference the Bar's website and to delete citation to any specific URL.

Florida Rule of Judicial Administration 2.580(a) (Standard Jury Instructions; Use; Modification) is amended in two respects. First, reference to the Bar's website is substituted for that of the Court's and citation to a specific URL is deleted. Second, at the suggestion of the SJI-Criminal Committee, we add "or

confusing" at the end of "If the trial judge modifies a standard jury instruction . . . the trial judge shall state on the record or in a separate order the respect in which the judge finds the standard instruction erroneous or inadequate . . . ." Subdivision (b) (Referral to Committee) is amended to include language such that a modified instruction should be sent to the respective committee "unless the modification is only technical or nonsubstantive in nature." Pertaining to subdivision (c), we retain the language originally adopted and decline to amend the provision as suggested in the comments.

Lastly, Florida Rule of Criminal Procedure 3.390(a) (Jury Instructions; Subject of Instructions) is amended to reference the Bar's website, rather than that of the Court's and without citation to any specific URL. We decline to make any other changes to the provision.

## CONCLUSION

Accordingly, the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, and the Florida Rules of Criminal Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring, while deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration, Florida Rules of Civil Procedure, and Florida Rules of Criminal Procedure

Julie H. Littky-Rubin, Nancy La Vista, and Shana P. Nogues of Clark Fountain La Vista Prather & Littky-Rubin, West Palm Beach, Florida; Honorable Paul Lee Huey, Chair, Supreme Court Committee on Standard Jury Instructions in Contract and Business Cases, Tampa, Florida; Ceci Culpepper Berman, Chair, Tampa, Florida, Ardith Michelle Bronson, Past Chair, Civil Procedure Rules Committee, Miami, Florida, Michael Jeffrey Korn, Chair, Jacksonville, Florida, Josephine Gagliardi, Past Chair, Florida Rules of Judicial Administration Committee, Fort Myers, Florida, Joshua E. Doyle, Executive Director, Krys Godwin and Mikalla Andies Davis, Staff Liaisons, The Florida Bar, Tallahassee, Florida; Jeffrey A. Cohen, Chair, and Daniel B. Rogers, Vice Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Miami, Florida; and Honorable F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida,

  Responding with comments

**RULE 1.470.      EXCEPTIONS UNNECESSARY; JURY INSTRUCTIONS**

**(a)**    [No Change]

**(b)      Instructions to Jury.** The Florida Standard Jury Instructions appearing on ~~the court's~~The Florida Bar's website ~~at https://jury.flcourts.org~~ may be used, as provided in Florida Rule of Judicial Administration 2.580, by the trial judge in instructing the jury in civil actions. Not later than at the close of the evidence, the parties shall file written requests that the court instruct the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the instructions to be given. At such conference, all objections shall be made and ruled upon and the court shall inform counsel of such instructions as it will give. No party may assign as error the giving of any instruction unless that party objects thereto at such time, or the failure to give any instruction unless that party requested the same. The court shall orally instruct the jury before or after the arguments of counsel and may provide appropriate instructions during the trial. If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations. The court shall provide each juror with a written set of the instructions for his or her use in deliberations. The court shall file a copy of such instructions.

**(c)**    [No Change]

**Committee Notes**

**[No Change]**

**RULE 2.270.      SUPREME COURT COMMITTEES ON STANDARD JURY INSTRUCTIONS**

**(a)      Creation and Authority.** The supreme court created the Supreme Court Committee on Standard Jury Instructions in Civil Cases, the Supreme Court Committee on Standard Jury Instructions in Criminal Cases (with responsibility for the standard jury instructions in criminal and in involuntary civil commitment of sexually violent predator cases and for the grand jury instructions), and the Supreme Court Committee on Standard Jury Instructions in Contract and Business

Cases to serve as standing committees responsible for preparing standard jury instructions for use in their respective case types. *See In re Standard Jury Instructions*, 198 So. 2d 319, 320 (Fla. 1967); *In re Standard Jury Instructions in Criminal Cases*, 240 So. 2d 472, 474 (Fla. 1970); *In re Supreme Court Committee on Standard Jury Instruction–Contract and Business Cases*, Fla. Admin. Order No. AOSC06-47 (Sept. 15, 2006). This rule authorizes those committees to develop and approve, by two-thirds vote, new and amended standard jury instructions to be published for use in the committees' respective case types. Standard jury instructions approved for publication and use under this rule are not approved or otherwise specifically authorized for use by the supreme court and their approval under this rule shall not be construed as an adjudicative determination on the legal correctness of the instructions, which must await an actual case and controversy.

**(b)** **[No Change]**

**(c)** **Procedures.** Each committee on standard jury instructions shall adopt operating procedures necessary to carry out its responsibilities. The operating procedures must comply with the following requirements, which shall govern the development and approval of standard jury instructions under this rule:

(1) All new and amended standard jury instructions being considered by a committee must be published for comment on the jury instructions page of the supreme court'sThe Florida Bar's website and in *The Florida Bar News*. The committee must consider all comments received before taking a final vote on the changes.

(2)-(4) [No change]

**(d)** **Membership and Organization.**

(1) Each supreme court committee on standard jury instructions shall be composed of up to 3336 members appointed by the chief justice, for staggered three-year terms, as follows:

(A) [No change]

(B) a committee member may serve no more than two consecutive three-year terms, unless:

(i) the supreme courta committee determines that it is in the best interest of the committee for a member to serve an additional terms.; or

- 8 -

(ii) additional slots remain open due to lack of applications to the committee.

(C)    [No change]

**(e)    [No Change]**

**(f)    Publication of Approved Instructions.**  All standard jury instructions approved for publication and use under this rule shall be published on the jury instructions page of ~~the supreme court's~~The Florida Bar's website ~~at https://jury.flcourts.org~~.

# RULE 2.580.    STANDARD JURY INSTRUCTIONS

**(a)    Use; Modification.** The standard jury instructions appearing on ~~the supreme court's~~The Florida Bar's website ~~at https://jury.flcourts.org~~ may be used by trial judges in instructing the jury in every trial to the extent that the instructions are applicable, unless the trial judge determines that an applicable standard jury instruction is erroneous or inadequate, in which event the judge shall modify the standard instruction or give such other instruction as the trial judge determines to be necessary to instruct the jury accurately and sufficiently on the circumstances of the case. If the trial judge modifies a standard jury instruction or gives another instruction, upon timely objection to the instruction, the trial judge shall state on the record or in a separate order the respect in which the judge finds the standard instruction erroneous or inadequate or confusing and the legal basis for varying from the standard instruction. Similarly, in all circumstances in which the comments or notes on use accompanying the standard jury instructions contain a recommendation that a certain type of instruction not be given, the trial judge may follow the recommendation unless the judge determines that the giving of such an instruction is necessary to instruct the jury accurately and sufficiently, in which event the judge shall give such instruction as the judge deems appropriate and necessary. If the trial judge does not follow such a recommendation, upon timely objection to the instruction, the trial judge shall state on the record or in a separate order the legal basis of the determination that the instruction is necessary.

**(b)    Referral to Committee.** The party requesting and receiving a modified instruction shall send a copy of the modified instruction to the appropriate committee on standard jury instructions under rule 2.270, unless the modification is only technical or nonsubstantive in nature, so that the committee can consider the modification to determine whether the standard instruction should be amended.

**(c)** **[No Change]**


**RULE 3.390.** **JURY INSTRUCTIONS**

**(a)** **Subject of Instructions.** The Florida Standard Jury Instructions in Criminal Cases appearing on ~~the court's~~The Florida Bar's website ~~at https://jury.flcourts.org may~~ be used, as provided in Florida Rule of Judicial Administration 2.580, by the presiding judge in instructing the jury in a criminal case. The presiding judge shall instruct the jury only on the law of the case before or after the argument of counsel and may provide appropriate instructions during the trial. If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations. Except in capital cases, the judge shall not instruct the jury on the sentence that may be imposed for the offense for which the accused is on trial**.**

**(b) – (e)** **[No Change]**


**Committee Notes**

**[No Change]**